UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SOLA FRANCHISE CORPORATION and SOLA SALON STUDIOS, LLC | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14-cv-946 |
| v. | ) ) | **COMPLAINT** |
| SOLO SALON STUDIOS INC. | ) ) | JURY DEMAND |
| Defendant. | ) ) | |

Plaintiffs Sola Franchise Corporation and Sola Salon Studios, LLC (collectively "Sola" or "Plaintiffs"), by and through their attorneys, allege against Defendant Solo Salon Studios Inc. ("Defendant" or "Solo") as follows:

### NATURE OF ACTION

1.      This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq.*), dilution, common law trademark infringement, unfair and deceptive trade practices under New York General Business Law § 349, and injunctive relief.  Plaintiffs' claims are based on Defendant's adoption and use of "Solo Salon Studios" as a designation for its beauty, hairdressing and skin care services, as well as the leasing of space to beauty professionals, in violation of Plaintiffs' established rights in SOLA SALON STUDIOS® as a registered service mark for beauty salons, hairdressing salons and skin care salons, as well as for building leasing and the leasing of real estate.

## PARTIES

2.      Plaintiff Sola Franchise Corporation ("SFC") is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 50 South Steele Street, Suite 1050, Denver, Colorado 80209.

3.      Plaintiff Sola Salon Studios, LLC ("SSS") is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business located at 50 South Steele Street, Suite 1050, Denver, Colorado 80209.

4.      Upon information and belief, Defendant Solo Salon Studios Inc. ("Defendant" or "Solo") is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 125 Route 25A, Mount Sinai, New York 11766. Defendant is about to begin operations as a beauty and hairdressing salon under the assumed name of "Solo Salon Studios."

## JURISDICTION AND VENUE

5.      This Court has original federal question subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks).  This Court also has diversity subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.   This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because those claims arise out of the same case or controversy as the Lanham Act claims.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendant has a principal place of business in this judicial district and Defendant's wrongful conduct as alleged herein occurred within this judicial district.

2

**FACTUAL BACKGROUND**

7.       Plaintiff SSS is the owner of United States Service Mark Registration No. 3,139,111, registered on September 5, 2006, for SOLA SALON STUDIOS (hereinafter "the Mark") for the following types of services:  beauty salons, hairdressing salons, and skin care salons in Class 44, and building leasing and leasing of real estate in Class 36.  A copy of Plaintiff SSS's Registration Certificate issued by the United States Patent and Trademark Office is attached hereto as Exhibit A.  SSS's registration is now valid, subsisting, uncancelled and unrevoked.

8.       Plaintiff SSS's Service Mark Registration No. 3,139,111 has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

9.       Continuously since about May 2004, Plaintiff SSS has used its SOLA SALON STUDIOS service mark in connection with and to identify its salon services, and to distinguish said services from similar services offered by other companies, by, and without limitation, prominently displaying the Mark at its business locations and on advertising and promotional materials.  SSS chose the name "Sola," in part, because it is Latin for "alone" or "only".  Which are both similes for "solo".

10.      Plaintiffs' unique business model involves the franchising of salons operating under the name SOLA SALON STUDIOS, which salons consist of beautifully designed, highly plush suites that are individually rented by salon professionals, including hairstylists and skin care specialists.  Plaintiffs grant franchises to qualified persons or businesses to establish and operate salon studios under a standard, unique and uniform system developed by Plaintiff. Plaintiffs' franchisees receive support from Plaintiffs, including assistance with initial site selection, design and construction of the salon, marketing and operation of the salon.

11.     Plaintiff SFC is authorized to enter into franchise agreements with, and license the use of the Mark to, franchisees.

12.     Using this franchising approach, there are now salons operating under the name SOLA SALON STUDIOS in thirty-two states, including a franchise located in White Plains, New York.  SOLA SALON STUDIOS are also planned for Garden City and Huntington.

13.     Operating pursuant to a franchise agreement and license to use the Mark, non-party Gtown Partners, LLC has taken significant steps toward opening a SOLA SALON STUDIOS franchise location in Port Jefferson, New York, and the opening of a salon in Port Jefferson under the name SOLA SALON STUDIOS is imminent.

14.     Defendant intends to operate a business at 125 Route 25A, Mount Sinai, New York (the "Mount Sinai Location") using the assumed name "Solo Salon Studios".  The Mount Sinai Location is only about two (2) miles down the road from the Port Jefferson SOLA SALON STUDIOS location.  While the Mount Sinai Location is not yet complete, Defendant has placed a sign in front of the Mount Sinai Location that states "Solo Salon Studios:  RESERVE YOUR STUDIO TODAY:  Be a charter member in the newest and most exciting phase in the beauty industry: 631-473-SOLO www.solosalonstudios.com."  Attached as Exhibit B are photos of this sign.

15.     Defendant is in the business of providing services by beauty professionals, including stylists, estheticians, nail technicians, and massage therapists.  Like Plaintiffs, Defendant's business is intended to rent space to individual salon professionals.

16.     Upon information and belief, Defendant promotes and advertises its business as being "beautifully equipped and independently operated salon studios at no expense to the salon professional."  For example, through a website having a domain name of

www.solosalonstudios.com, Defendant states that the services it provides include fully furnished studios for salon professionals that include "stylists, estheticians, nail technicians, massage therapists and other beauty professionals". Furthermore, visitors to Defendant's website are presented with a menu option to book an online appointment. In addition, Defendant also advertises on Craigslist's website, making the same representations in its website.

17.    Defendant's infringing activities have been deliberate and willful. Defendant was expressly placed on notice and verbally warned by Plaintiffs that the use of the "Solo Salon Studios" designation infringed on the SOLA SALON STUDIOS mark, but chose to disregard Plaintiffs' warnings and to engage in the illegal and infringing activities nonetheless.

**FIRST CAUSE OF ACTION**
(INFRINGEMENT OF FEDERAL TRADEMARK REGISTRATION NO. 3,129,111)

18.    Defendant's use of the "Solo Salon Studios" designation in connection with the sale, offering for sale or advertising of its services, including its beauty and hair stylist services as well as the leasing of space to beauty professionals, is likely to cause confusion, to cause mistake, or to deceive consumers in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

19.    Defendant's use of the "Solo Salon Studios" designation in connection with the provision of salon services, including beauty and hair stylist services as well as the leasing of space to beauty professionals, is without permission or authority of the Plaintiffs.

20.    Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this court, will continue to cause, irreparable injury and other damages to Plaintiffs' business, reputation and good will in the Mark. Plaintiffs have no adequate remedy at law.

5

21.     Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116, and to recover their damages and Defendant's profits, and the cost of this action pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
(FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a))

22.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

23.     Upon information and belief, Defendant has used and continues to use the "Solo Salon Studios" designation in connection with the provision of beauty and hair stylist services, as well as the leasing of space to such hair and beauty professionals, in commerce.

24.     Said use of the designation "Solo Salon Studios" is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Plaintiffs and as to the origin, sponsorship, or approval of Defendant's services and commercial activities by Plaintiffs.

25.     Defendant's wrongful activities are in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

26.     Upon information and belief, Defendant's wrongful activities have caused and, unless enjoined by this court, will continue to cause, irreparable injury and other damages to Plaintiffs' business, reputation and good will in the Mark.  Plaintiffs have no adequate remedy at law.

## THIRD CAUSE OF ACTION
(DILUTION)

27.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28.     Through its extensive and exclusive use of the Mark since 2006, the Mark has become famous.

29.     Defendant is a junior user of the Mark, and is using the Mark in commerce.

30.     Defendants use of the Mark began after the Mark had already become famous.

31.     Defendant's use of the Mark is diluting and/or likely to dilute the Mark.

32.     Plaintiffs have been and continue to be injured as a result of Defendant's dilution of their Mark.

33.     Defendant's wrongful activities are in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(c)) and the New York General Business Law (NYGBL §360-l).

34.     Unless Defendant is enjoined by this Court from continuing to dilute the Mark, Plaintiffs will continue to suffer irreparable harm and impairment of the value of their trademark rights.

## FOURTH CAUSE OF ACTION
(COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT)

35.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

36.     Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiffs' common law trademark rights in the SOLA SALON STUDIOS service mark within the State of New York and in violation of state law.

37.     Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation and good will in the Mark.  Plaintiffs have no adequate remedy at law.

## FIFTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER NYGBL § 349)

38.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39.     The wrongful actions of Defendant as described herein constitute unfair and deceptive trade practices that have occurred and continue to occur in commerce in violation of New York General Business Law § 349.

40.     Defendant's acts and use of the infringing Mark are consumer oriented and are aimed at not only attracting consumers, but also beauty professionals to lease space at the Mount Sinai Location.

41.     Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation and good will in the Mark.  Plaintiffs have no adequate remedy at law.

42.     Defendant's conduct has caused harm to the general public interest.

43.     In addition to actual damages and injunctive relief, Plaintiffs are entitled to recover from Defendant treble damages and Plaintiffs' reasonable attorneys' fees pursuant to New York General Business Law § 349(h) because Defendant's conduct was willful and knowing.

## SIXTH CAUSE OF ACTION
(INJUNCTION)

44.　Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

45.　Pursuant to 15 U.S.C. § 1057, Federal Trademark Registration No. 3,139,111 entitles Plaintiffs to nationwide priority of use of the SOLA SALON STUDIOS service mark as of the date of registration, September 5, 2006.

46.　Upon information and belief, Defendant began using the "Solo Salon Studios" designation in connection the provision of beauty and hair stylist services, as well as the leasing of space to such hair and beauty professionals, not sooner than May 2013.

47.　Plaintiffs are therefore entitled to senior user status of the Mark in at least the New York Tri-State area.

48.　Because of the impending and imminent authorized and licensed use of the Mark by Plaintiffs' franchisee, Gtown Partners, LLC, in connection with a salon in Port Jefferson, New York, a real case or controversy exists as to whether Defendant may continue to use its "Solo Salon Studios" designation.

49.　Plaintiff is entitled to a declaratory judgment that it is has priority of use of the SOLA SALON STUDIOS service mark over Defendant's junior rights, if any, and that Defendant's continued use of the "Solo Salon Studios" designation in connection with its beauty and hair stylist services, as well as the leasing of space to such hair and beauty professionals, is in violation of Plaintiffs' rights in the SOLA SALON STUDIOS service mark.

50.　Plaintiff is entitled to an injunction prohibiting Defendant from use of the "Solo Salon Studios" designation, or any other designation likely to cause confusion or mistake with

regard to the Mark, in connection with its beauty and hair stylist services, as well as the leasing of space to such hair and beauty professionals.

WHEREFORE, Plaintiffs Sola Franchise Corporation and Sola Salon Studios, LLC respectfully request that they be granted relief and judgment against Defendant Solo Salon Studios Inc. as follows:

1.      The Court enter judgment against the defendant in an amount to be determined at trial for Plaintiffs' money damages and Defendant's profits resulting from its infringing activities;

2.      The Court enter a preliminary and permanent injunction enjoining Defendant, its agents, servants, employees and attorneys and all those in active concert or participation therewith, from using the SOLA SALON STUDIOS registered service mark, the "Solo Salon Studios" designation, or any other mark or designation confusingly similar thereto, in connection with beauty and hair stylist services, as well as the leasing of space to such hair and beauty professionals.

3.      Plaintiffs' damages be trebled pursuant to NYGBL § 349.

4.      Plaintiffs be awarded their reasonable attorney's fees pursuant to NYGBL § 349 and as otherwise allowed by law.

5.      The judgment in favor of Plaintiffs bear pre-judgment and post-judgment interest as provided by law;

6.      The costs of this action be taxed to the Defendant.

7.      Plaintiffs be granted such other and further relief as the Court deems just and proper.

February 12, 2014

Respectfully submitted,

Joseph N. Froehlich
William D. Foley, Jr.
LOCKE LORD LLP
Three World Financial Center
New York, NY 10281-2101
Telephone: 212-415-8600
Facsimile: 212-303-2754

*Attorneys for Plaintiffs*

# EXHIBIT A

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

Int. Cls.: 36 and 44

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,139,111
Registered Sep. 5, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

# Sola Salon Studios

SOLA SALON STUDIOS, LLC (COLORADO LTD LIAB CO)
517 GARFIELD STREET
DENVER, CO 80206

FOR: BUILDING LEASING; LEASING OF REAL ESTATE, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-1-2004; IN COMMERCE 9-1-2004.

FOR: BEAUTY SALONS; HAIRDRESSING SALONS; SKIN CARE SALONS, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 5-1-2004; IN COMMERCE 9-1-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SALON STUDIOS", APART FROM THE MARK AS SHOWN.

THE ENGLISH TRANSLATION OF THE SPANISH OR LATIN TERM SOLA IS "ALONE" OR "INDIVIDUAL".

SER. NO. 78-731,385, FILED 10-12-2005.

TRICIA SONNEBORN, EXAMINING ATTORNEY

# EXHIBIT B





RESERVE YOUR STUDIO TODAY
Be a charter member in the newest
and most exciting phase in the beauty industry.

lo
alon
tudios
"Where Preparation
Meets Opportunity"

631.473.SOLO
www.solosalonstudios.com