```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SOLA FRANCHISE CORPORATION and SOLA
SALON STUDIOS, LLC

                        Plaintiffs,
                                                MEMORANDUM & ORDER
         -against-                              14-CV-0946(JS)(AKT)

SOLO SALON STUDIOS INC.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    William Davis Foley, Esq.
                   Joseph N. Froehlich, Esq.
                   Locke Lord LLP
                   3 World Financial Center
                   New York, NY 10281

For Defendant:     No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), recommending that the Court grant plaintiffs Sola Franchise Corporation and Sola Salon Studios, LLC's ("Plaintiffs") pending motion for default judgment against defendant Solo Salon Studios Inc. ("Defendant") and order other, related injunctive relief against Defendant. For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

Plaintiff commenced this action on February 12, 2014 against Defendant, asserting claims for (1) trademark

infringement and false designation of origin under Section 32 and 34 of the Lanham Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1), 1125(a); (2) dilution under Section 43(a) of the Lanham Act and New York General Business Law § 360-l; (3) unfair competition and trademark infringement under New York common law; and (4) unfair and deceptive business practices under New York General Business Law § 349.

On February 18, 2014, Plaintiff filed an affidavit of service, affirming that the Summons and Complaint were served on Defendant through the Secretary of State on February 14, 2014. (Docket Entry 4.) Defendant did not answer or otherwise respond to the Complaint, and Plaintiffs requested a Certificate of Default on April 1, 2014. (Docket Entry 7.) That same day, the Clerk of the Court certified Defendant's default. (Docket Entry 8.) On May 20, 2014, Plaintiffs moved for a default judgment. (Docket Entry 9.) On May 27, 2014, the undersigned referred Plaintiffs' motion to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation as to whether the pending motion should be granted. (Docket Entry 10.)

On February 9, 2015, Judge Tomlinson issued her R&R. (Docket Entry 14.) The R&R recommends that the undersigned issue an order: (1) granting default judgment against Defendant on the first, second, third, fourth, and sixth, but not the fifth, causes of action of the Complaint; (2) permanently

2

enjoining Defendants from using the "Solo Salon Studios" name and engaging or participating in any other infringing activity; (3) directing Defendant to deactivate its website and any social media profile(s) or account(s) Defendant has established which bear the name "Solo Salon Studios"; and (4) ordering Defendant to deliver for destruction any infringing advertising. (R&R at 2, 36.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Tomlinson's R&R is ADOPTED in its entirety and Plaintiffs' motion for a default judgment against Defendant (Docket Entry 14) is GRANTED. It is hereby ORDERED that:

(1) Defendant's officers, agents, servants, employees, and representatives are PERMANENTLY ENJOINED from: (a) using the name "Solo Salon Studios" in connection with (i) Defendant's business located at 165-8 Route 25A, Mt. Sinai, New York, 11766, and (ii) any beauty, hairdressing or skin care salon, as well as for any salon which intends to lease space to hair and/or beauty professionals; (b) using "Solo Salon Studios," or any other mark or designation confusingly similarly to Plaintiff's mark, SOLA SALON STUDIOS, in connection with any advertising, internet, and social media presence for any beauty, hairdressing or skin care salon, as well as for any salon which intends to lease space to hair and/or beauty professionals; and (c) engaging in any other conduct which causes, or is likely to cause, confusion, mistake or misunderstanding as to the affiliation, connection, association, origin, sponsorship or approval of its services with Plaintiffs' services or business, or their mark, SOLA SALON STUDIOS;

(2) Defendant is ORDERED to deactivate the website, www.solosalonstudios.com, and any Facebook or other social media

profile(s) or account(s) Defendant has established that bears the name "Solo Salon Studios"; and

(3) Defendant is ORDERED to deliver for destruction any infringing advertising to Plaintiffs' counsel at the following address: Joseph N. Froehlich, Locke Lord LLP, 3 World Financial Center, New York, NY, 10281.

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  23 , 2015
       Central Islip, New York